UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUAN GUTIERREZ-HERNANDEZ,

Petitioner,

v.

BRUCE SCOTT, et al.,

Respondents.[1]

Case No. 2:26-cv-00547-TMC

ORDER DENYING PETITION FOR WRIT
OF HABEAS CORPUS

## I.    INTRODUCTION AND BACKGROUND

Petitioner Juan Gutierrez-Hernandez is an individual who entered the United States without inspection decades ago, was apprehended by immigration officers in September 2025, and is currently detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1 at 2. On November 28, 2025, Gutierrez-Hernandez requested release on bond from an Immigration Judge ("IJ"), who denied the request on the basis that he was subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Dkt. 1 at 4, 9–10. In the alternative, the IJ ruled that if he had jurisdiction to consider the bond request, he

---

[1] Markwayne Mullin, Secretary of the Department of Homeland Security, is substituted for Alejandro Mayorkas under Federal Rule of Civil Procedure 25(d). The Clerk is directed to amend the caption to reflect this change.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 1

would deny it because Gutierrez-Hernandez presents "a danger to the community and a flight risk." *Id.* at 9.

On February 13, 2026, Gutierrez-Hernandez filed a petition for writ of habeas corpus seeking release from custody or a bond hearing under 8 U.S.C. § 1226(a). Dkt. 1. On March 2, Federal Respondent filed a return to the habeas petition. Dkt. 5. On March 16, Gutierrez-Hernandez filed a traverse.[2] Dkt. 8.

The habeas petition is now ripe for the Court's review. For the following reasons, the Court DENIES the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

Gutierrez-Hernandez argues that he is not subject to mandatory detention under § 1225(b)(2) but is instead entitled to consideration for release on bond under § 1226(a). Dkt. 1 at 4–5; Dkt. 8 at 2–3; *see* 8 U.S.C. § 1226(a)(2) (permitting the government to release a detained noncitizen on "bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General"). Federal Respondent argues that even under § 1226(a)'s discretionary detention framework, Gutierrez-Hernandez is lawfully detained based on the IJ's alternative flight risk and danger findings. Dkt. 5 at 3–4.

---

[2] Gutierrez-Hernandez also moved for leave to file an untimely traverse, which the Court granted. Dkts. 7, 9.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 2

The Court agrees with Federal Respondent. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Although Gutierrez-Hernandez challenges one basis for his confinement—mandatory detention under § 1225(b)(2)—the IJ's determination that he presents a flight risk and danger to the community is a separate basis for the "legality of [his] custody." *See id.* In other words, even if Respondents treated him as subject to the discretionary detention regime of § 1226(a), he would remain in detention under those separate findings.

Gutierrez-Hernandez asserts that the IJ's alternative findings are invalid because they are "expressly contingent on a lack of jurisdiction and were not made pursuant to a bond hearing conducted under §1226(a)." Dkt. 1 at 4; Dkt. 8 at 2–3. But he does not submit any evidence that the findings themselves were an abuse of discretion or that the procedures at the hearing violated his due process rights. *See Martinez v. Clark*, 124 F.4th 775, 781–84 (9th Cir. 2024). This argument is thus insufficiently developed to meet Gutierrez-Hernandez's burden of demonstrating a by a preponderance of the evidence that his detention is unlawful. *See Davis*, 384 F.3d at 638.

## IV.    CONCLUSION

The petition for writ of habeas corpus (Dkt. 1) is DENIED.

Dated this 24th day of April, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 3